Good morning, dear brothers. My name is Jerome Conrad and I represent the Plaintiff's Appellations. Mr. Congress, yesterday we had a great deal of difficulty with the mic, so what turned out to be good is if you would stand a little bit away from the mic that way, I think you'll be heard and we won't get the echo. And have you asked for rebuttal time? Yes, Your Honor. I would like to reserve three minutes for rebuttal time. Okay. Thank you. The Plaintiff appellant feels here... I think you should speak up so that we can hear you, so that they can hear you in the last, I mean they may vote too, the last row of the room. We are appealing here from the decision below that dismissed the action with prejudice. There was an earlier version of the complaint... You represent whom? Pardon? You represent whom? You represent the plaintiff, which is a group of shareholders of a number of mutual funds that were part of the Lord Abbott Mutual Fund Complex. We originally brought claims under various federal and state statutes and common law. The earlier complaint contained both federal statutory claims and state law claims. Judge Martini dismissed the state law claims as preempted by the Securities Litigation Uniform Standards Act, usually called SLUSA. Well, the Supreme Court has said it's not preemption, it's preclusion. Yes, preclusion. Whatever the district judge said. We take our clues from the Supreme Court. And he dismissed the remainder of the complaint with leave to replete a plaintiff's claim under Section 36B of the Investment Companies Act as a derivative claim. The plaintiff did amend and filed a second amended complaint limited to Section 36B. Subsequently, Judge Martini vacated that order and he dismissed the action with prejudice on the ground that SLUSA required a dismissal with prejudice of the entire action, not just the state law claims that were precluded under SLUSA. In the interim, the defendants had moved to dismiss the second amended complaint, and that was fully briefed. But at the time Judge Martini dismissed the action with prejudice, he had not yet had the occasion to decide the defendant's motion to dismiss the complaint. Now, we believe that the court's decision below was erroneous on four basic grounds. The first ground is that the language of SLUSA does not require dismissal with prejudice of federal statutory claims that are contained in the same complaint as state law claims that are dismissed under SLUSA. It does not require the dismissal. Second, we believe that the legislative history is very clear that the objective of Congress in enacting SLUSA was to preclude offending state law claims but not any federal claims. Third, we believe that nothing in the statute eliminates the district court's normal discretion to allow an amendment of a complaint to deal with deficiencies in the complaint. And finally, Your Honors, the overwhelming body of the case law that's directly in point disagrees with the result of the law. We haven't decided the issue, the main issue, as a matter of precedent, have we? I'm sorry? We have not decided the issue as a matter of, in a precedential opinion. Yes. That we really haven't decided it, even in a non-presidential opinion. Which doesn't count. Which doesn't count, even if we have. Correct? This court has not decided the specific issue. And we're not bound by dictum. We're not bound by dictum. Yes. Although I do disagree with the use of dicta instead of dictum in the briefing of this case because I believe we're referring to a singular statement rather than multiple statements. I stand corrected on that. There's no comment from the other two. To go to the statutory language first, to quote from SLUSA, it says, no covered class action based upon the statutory or common law of any state or subdivision thereof may be maintained in any state or federal court by any private party alleging, and then it goes on to describe, deception or manipulation in the sale of covered securities. Now, the statute only prohibits maintaining a covered class action if it's based on state law. Once, pursuant to Judge Martini's order, we amended the complaint to strip out of the complaint state law claims it was no longer a case based on state law. So we were no longer maintaining covered class action based on state law. For that reason, we believe it would not be offensive to SLUSA to have continued the case simply based on the federal statutory claim. We also see nothing in the language of the statute that in any way precludes the district court from exercising its normal discretion to allow an amendment of the complaint to take out the state court claims. Well, the language does slide around a little. You've got action, and you've got claim, and you've got a slippery slope. Your Honor, the Supreme Court has spoken to the issue of whether, when a statute is written in terms of action, that no action shall be... You mean in Jones? In the Jones case. The Jones case. But that was under the Prison Litigation Reform Act and not under SLUSA. Now, is it clear that we can use that decision as precedent for a SLUSA case? Your Honor, I think you can use that decision as precedent indicating that normally you would look at this point of language and the normal approach would be to get rid of the bad claims and keep the good claims, and that there would have to be some special reason why you would do something different. And to the extent that there's any ambiguity in the statute, you can look at the legislative history. And this Court in Marwinsky and in the La Sala v. 48 case and the Supreme Court in Davitt have discussed the legislative history of SLUSA. And I think there's uniform agreement that the purpose of SLUSA was simply to prevent litigants from using state law actions to circumvent the requirements of the Private Litigation and Securities Reform Act. Your colleagues on the other side referred to the Kersher case. How do you respond to that? The Kersher case? Your Honor, I don't think the Kersher case is relevant to our situation. That was a case in which the Supreme Court ruled that there was no right to appeal from a remand decision of a case that had been removed under SLUSA. The issues there involved jurisdictional questions. They involved issues of removal, what the purpose of removal is, and what you have to do to deal with that purpose. It was also a case that solely involved state law claims. Basically, I think the distinguishing feature is that that Court was not looking at the question that's posed in our case. It was simply dealing with the removal question. Our case started in federal court. It was always there. There's no removal issue at all in our case. Having filed a complaint which violates the provisions of SLUSA, shouldn't you be penalized for not complying with the statute? Your Honor, I think the way litigants are penalized is that the offending state law claims are dismissed. To go beyond that and to also dismiss federal claims doesn't seem to me to be something that would be supported by the legislative history. The purpose of the legislative history is simply to stop the use of state law claims to circumvent the TSLRA. Your time is getting short. If you have persuaded us on this point, should we go further? I gather you have given up your Section 48A claim. Is that correct? Yes. On the 34B claim, should that be remanded to the district court? Or is it your position that there is sufficient development of that claim that we should decide? On that one, Your Honor, I think that the – I guess I should say, should we dismiss that claim also? Or do you feel that there is sufficient alleged in your complaint that that claim should proceed? I don't think you should dismiss that claim, Your Honor. Sometimes I forget who's on which side. You must forgive my transgression. But you have given up on the 48A claim. You've given up on the 48A claim? If we turn to the 34B claim – Well, Your Honor, there's no 34B claim in the case right now. Well, if we should, as I said, if we should agree with you and say that it was improper to dismiss your federal claim, should we go on to consider the other arguments that you don't state a claim? I believe that in this instance, Your Honor, the appropriate way to deal with it would be to send it back to Judge Martini. He has not had the opportunity to decide the motion to dismiss the 36B claim. I think it would be appropriate to give him that opportunity. I'm fully prepared to argue that part of the appeal. Not in 37 seconds. Pardon? Not until we have 37 seconds left. Your Honor, I guess the last point I would make to the court is simply that I think the overwhelming body of the case law that has looked at this has agreed that it simply doesn't make much sense to throw out a legitimate federal claim simply because it was part of the same complaint as a state claim that's out under SLUSA. SLUSA's objective – Well, it's more than that it doesn't make any sense. It's inconsistent with Congress's purpose that it acted SLUSA in the first instance. Well, I think – Your answer to that is yes. That's yes. That was a softball. Now, you can persuade us the other way, but I don't think you want to do that. I think your time is up. We'll get you again on rebuttal. Thank you. Thank you. I'm sorry. I felt like I was a lawyer again for a minute. Good morning. May it please the court. I'm Jeffrey Moleto, the firm of Cannell Gates. I'm counsel for the defendants in the appellees on this appeal, that is, Lord Abbott & Company, which is a registered investment advisor, and Lord Abbott Distributors, which is an affiliated broker-dealer that acts as the distributor for the Lord Abbott Mutual Funds. They are the only defendants remaining in this action. It's our position that the judgment of the district court should be affirmed because the district court correctly read the Securities Litigation Uniform Standards Act as a law that precludes an entire action from being maintained. But why should it? Why penalize by dismissing federal claims when that's not the purpose of the statute, when they're validly stated federal claims with no other reason to dismiss them other than your purported reading of SLUSA? Your Honor, we would take the position that the statutory intent is best defined from the words that Congress used. Congress used the word action, not claim. They did not use it in the FOIL. I'm sorry. Yeah, well, I tell everybody, we've read the briefs, so we're going to get right into it. They could have been brought as separate actions, right? A separate 36B action could be brought, yes, Your Honor. Certainly. You could have two actions. And the district court could have consolidated them if they had been filed. Now, leave aside the obvious invalid claim under SLUSA because they concede that they can't bring that action. Now, what possible reason is there to say that you can't join a valid federal claim action with another valid federal claim in the same SLUSA? I'm sorry, a valid federal claim? Yeah, two federal statutory claims. What reason, what rationale is there for saying they can't be brought together? Two valid federal claims can certainly be joined together in a single lawsuit. Well, isn't that what we're talking about? No, we're talking about invalid state law. Yeah, but that's out. We all agree that that's out. I mean, they agree they concede that's out. The district court dismissed it. They agree. But if you dismiss the claims with prejudice, that means they can't refile it. Why should that be? I mean, what about is this a punishment that the court is setting down if you've added a claim that you shouldn't have added? Congressional intent was to deter efforts to get around the reform act, private security litigation reform act. You're going to have multiple lawsuits, aren't you? Pardon me? Couldn't you have multiple lawsuits now, two lawsuits instead of one? Well, no, we would not have multiple lawsuits. We would have certainly any state law claims would be dismissed. And we would have, if plaintiffs had gone about this in the proper way, the way Congress contemplated it, we would have a 36-piece lawsuit. Yeah, so the plaintiffs, they don't know what's going to happen. So to be careful, they'll file a state claim and they'll file a federal claim, some separate actions. You've got two lawsuits, and then maybe the state claims will be dismissed, maybe they won't be dismissed. Is that consistent with Congress's purpose here? I think it is, Your Honor. I think Congress was very concerned that the plaintiff's bar was trying to find ways to get around a very carefully structured act that would regulate securities litigation, put those cases in particular statutes, the Securities Act of 1933, the express actions, the implied action under 10b-5, and put an end to the plaintiff's bar's effort to get around that law. What is your best case that supports your proposition that when there is an impermissible count pled along with permissible counts, the district judge must throw out the entire action? What is your best case? Well, in addition to the statutory language, the Jones case itself cites— But that's the prisoner case. That's the prison law, prison reform law. Let's talk about SLUSA. Under SLUSA, it would be Judge Martini's opinion and the other district courts that have followed it. There's one judge that I'm aware of, one district court opinion, unreported, unpublished, that's followed Judge Martini. In addition to Judge Martini, who's followed himself in another case. And that's what we're considering here. So you can't give us Judge Martini as a precedent. No, it is the other district court judge that has followed this analysis, which is based on— What about DABIT I? What about DABIT II? What about— With all due respect to Judge Martini, for whom I have the highest regard, the Supreme Court of the United States in the Second Circuit carries a little more weight. They've not addressed this issue. They've not addressed this issue. Oh, but they have really, haven't they? I would say that in the Kirchherr case, Your Honor, the extent they've weighed in on this point at all, they've focused on the need to dismiss actions in their entirety and not allow for repetitive— But that dealt with remands and removal. That's not this issue. Pardon me, Your Honor? As your colleague said, it's not this issue. Kirchherr was remanded. It was a state court action. It was removed and remanded. That's correct. And it's consistent with case precedent that you don't appeal remands. That's the holding of Kirchherr. And it has nothing to do with what we're dealing with here. That is not the issue. But the language in Kirchherr clearly talks in terms of actions and the need to dismiss actions that are covered class actions within the meaning of exclusion. There's no question that the complaint that Judge Martini dismissed, and he vacated his order, so what he had before him was the class action, the covered class action, state law claims in it. Those claims clearly precluded. He dismissed that action. All right. Second Circuit says, Sluice's language and legislative history indicate no intent to preempt categories of state action that do not represent federal flight litigation. Your Honor, that was reversed by the Supreme Court. No, but not on that ground. That was reversed on other grounds. What the Supreme Court did in Davit II was say that federal law, not state law, has long been the principal vehicle for asserting class action securities broad claims, which only strengthens the view that federal securities claims are the claims that Congress sought to protect from the PSLRA loophole because state laws are preempted. That would be absurd. Your Honor, I do not think it would be an absurd result to require plaintiffs to bring federal securities class actions as federal securities class actions. That's the intent of the Sluice Act. Okay. Let's accept that, but why does that lend you to where you think Judge Martini was correct? Because the complaint he dismissed, Your Honor, was a complaint that included state law claims. So you get rid of that, just like the Supreme Court said in Jones. Get rid of the bad and keep the good. Well, in Jones, Your Honor, the Supreme Court was interpreting a statute in which it said the word action was mere statutory boilerplate. But the court also said, as a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad. Only the bad claims are dismissed. The complaint as a whole is not. Now, it doesn't matter what statute they were talking about. So isn't that applicable language to everything? I don't think so, Your Honor, for this reason. The language the court's talking about in Jones is what it referred to as statutory boilerplate, and it said any action, and then went on from there, and it cited statute of limitations. Sluice is a different statute. It does not use the any action language. It uses the term covered class actions, which it defines as a single lawsuit or a group of related lawsuits, and it says that they cannot be maintained in federal or state court. And that is the statutory command. It's very different from the language in Jones and very different from the other cases that are cited. But it's really, if we interpret it as you do, it's really punitive language. And should we accept such a punitive interpretation without any direct statement or indication that the language is meant to be punitive, is meant to cover validly pled federal causes of action? It is punitive only in the respect that that action is dismissed because that vehicle, that class action... It was put in the wrong vehicle. ...is a precluded action. It doesn't mean that that federal claim, if there's a good federal claim in there, can't be refiled as a separate action. So now you've got two actions. This is where I started out. So now you're going to have multiple actions by doing it the way you suggest. You would have one action because the initial action... ...would be dismissed. Then you'd have to start again. And there would be a new action filed. But it would be... I would not use the word punitive. I'd use the word deterrent to the type of conduct which we saw in this case. Is there a great difference between deterrent and punitive? To be an effective deterrent, there must probably, I expect, be some deterrent. Well, having had his complaint dismissed for how many years now, I suppose that's been punitive. He's had his punishment. What about the 36B claim? That is an alternative ground which we think Judge Martini could have considered and he could have ruled on. In fact, he ruled on the identical grounds that are advanced in this case to him in a parallel case involving another mutual complex. But we can't take what he said in that case and assume he's going to say it here. Maybe he will have learned his lesson. I don't think you would need to anticipate his ruling, Your Honor. I think you can look straight at the face of the second amended complaint and make a determination that under this court's precedent in France and the Supreme Court's recent precedent in Cromwelly, talking about pleading standards, that there's no way that this complaint states a plausible 36B complaint. Without the judge ever doing it himself? I mean, he never considered it, right? He has not considered it expressly in connection with this case. That's correct, Your Honor. I mean, the thrust of his opinion was that he has to dismiss the whole action for whatever reasons. In this case, yes. And he dismissed the entire action without going any further to address any other issues. And the determination to dismiss with prejudice, Your Honor, I think, is not necessarily compelled by Selusa. I think it's compelled, in Judge Martini's mind, by the fact that this is the third pleading. Plaintiffs turned down an opportunity to file another amended pleading and chose to stand on this complaint. Judge Martini has before him the history of this case, which did not start out as anything like it is today. It started out as an effort to plead around the Reform Act using state and federal claims, which were all dismissed, which had been uniformly rejected by the numerous other courts which had seen this type of case. And then plaintiffs, having a group of plaintiffs available to them, plaintiffs' lawyers simply threw in a brand new, entirely new 36B claim as part of their second amended complaint. Now, those plaintiffs have no connection, really, with any funds that have anything approaching excessive fees, and I think it's clear when you read how they try to... But you're asking us to do that as a matter of law when the district court hasn't really talked about it. That's correct, Your Honor. And we tend not to do that. We tend to give the district court a shot at the issue. If there's no reason not to give the district court an offer, I don't know what they'll argue on the other side of it. Was it briefed in the district court before Twombly or after Twombly? It was briefed in the district court before Twombly. And shouldn't that additional consideration then be given to it? I think even under pre-Twombly precedent, it's a straightforward case under this court's decision in France and Migdal in cases that France relied on. And Judge Martini has, in effect, ruled, if you have his views in the Franklin Mutual Fund case... Well, but you have our views in response to that too, so... I understand that. I understand the court certainly could remand for consideration by the district court. And, of course, they could amend the statute, I mean the complaint, after Twombly to try to comply with Twombly on the 36D. That would be discretionary with the court, obviously, at this point. But is there any reason not to allow them? Once the Supreme Court comes out and says XYZ, is there any reason not to allow them? Would the district court be within its discretion to say, I'm not going to allow you to amend to try to comply with the Supreme Court decision? I think it would be, Your Honor, and the district court has already provided an opportunity for plaintiffs to amend to provide greater specificity. But not since Twombly? I don't believe that was since Twombly, no. That was decided while the case was on appeal. Well, if he denies the leave to amend, that will be the next appeal, I suppose. It could be part of the history. Of course, and the rules provide for lenient amendments. They do. They do, but they do not provide for unlimited amendments, particularly in situations where the case is not an effort to refine a good claim from the outset, to provide additional facts to support that claim. But it's really an almost desperate attempt to find some way to keep this litigation going against this mutual fund complex. They have tried several different theories. Those theories have been rejected by the courts. But we're not in a position to know the validity or not of the underlying claim. We just don't know. Pardon me, Your Honor? We don't know whether they have a valid claim or not. Because the court's dismissal precludes us from knowing what they're getting at. They might, for all I know, they might have a good claim. I don't know. I think, Your Honor, as a matter of law, as we've argued in the brief, this court can read the complaint and read the precedent and make a determination that sending it back really would be futile and just increase the burden of litigation rather than ending the case. If my time has expired, unless the court has further questions, thank you. No, thank you for your comments. We'll hear from Mr. Congress again. Just a very few comments I'd like to make. When my adversary mentioned that the complaint that Judge Martini dismissed was the one that still had the state law claims in it, that was only because Judge Martini had vacated his order of permitting us to file an amended complaint that did not have the state court claims in it. And so he had already made the decision that the court had just found it exclusive to dismiss the entire action even if it didn't have the state court claims in it. Of course, the statute says, I think I'm paraphrasing, that a covered claim or a covered action includes a group of claims. So it does suggest more than a single claim. I'm sorry. I said the statute defines a covered class action to include any group of lawsuits filed or pending. So there is some statutory support for Mr. Millett's position. It does say that. But what Mr. Millett left out was that in addition to referring to a covered class action, he left out the qualifier that a covered class action cannot be maintained if it's based on state law. It's not enough for it just to be a covered class action. It has to be based on state law. And once Judge Martini threw the state claims out, and certainly after we amended the complaint so it wasn't even in the document anymore, we were no longer maintaining a covered class action that was based on state law. If we send this back, if we remand it, would you think that you would be prepared to amend your 36B claim to comply with Twombly? Your Honor, I believe we already do comply with Twombly because I think there are sufficient allegations to make it plausible. Okay, that wasn't my question, though. Would you be prepared to at least look at it again? We would be prepared to look at the complaint. The answer to that should be yes. The answer is yes, we would be prepared to do that. I think we understand your position. As much as I've got to say. Thank you very much. We will take this case under advisement.